

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney, El Paso County
El Paso, Texas

68940

Dear Sir:

Opinion No. 0-6860
Re: Assessment of shares
    of national bank stock.

The Attorney General has directed the writer to reply
to your letter of September 28, 1945, requesting the opinion
of this department upon questions relating to tax assessment
of shares of stock of national banking institutions. Under
Articles 5079 and 5080 of the Revised Civil Statutes of 1925,
such shares are required to be rendered to the tax assessor
by the shareholders at their "actual value" or their "true
and full value."

While these statutes place the duty upon the share-
holders to render their shares at "actual value" or "true
and full value," the tax assessor is required to satisfy
himself as to the correctness of the rendition, Art. 7185,
Revised Civil Statutes, 1925; if unsatisfied, he must make
an independent determination of value. The matter is then
referred to the county commissioners' court, which is required
to "hear evidence and determine the true value." Articles
7185, 7211, Revised Civil Statutes, 1925.

There are many factors to be considered by the authori-
ties in determining "true value." The Courts have handed
down no exclusive method. As we said in Opinion No. 0-4860,
it may be shown "by the market value of the stock; by payment
of dividends for such period of time and at such rate as to
reasonably justify value; or by an accounting of the banks
net capital assets to arrive at the value back of the shares."
As stated in 6 Tex. Jur. 348:

> "It is proper for the assessor or the board
> to consider all elements which tend to compose or
> augment the value of the stock in the hands of the
> individual stockholder, that is to say, the capital,
> surplus, undivided profits and all other personal
> and real property owned by the bank as a corporation."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ernest Guinn, page 2

It is in connection with this method that your problem arises. The institution in question has included an item of $265,376.23 as "Other Liabilities" in its "Report of Condition at the Close of Business on December 30, 1944." In another statement of condition mailed to its depositors, however, this item is included within an aggregate figure of $629,827.92, which is entitled, "Reserves: Interest, Taxes, Contingencies and Other Liabilities." The assessor is contending that such funds being "Reserves" are capital funds in the hands of the bank and should therefore be considered as augmenting the value of the stock. The other contention pursued by the bank is that the $265,376.23 portion of the $629,827.92 should not be treated as capital funds, but as "liabilities" for the reason that the $265,376.23 item is made up of "reserves" for payment of special accounts; namely, to pay interest on savings accounts, city taxes, payroll taxes, interest on certificates of deposit, Federal Deposit Insurance Company assessments, surety bonds, and old age assistance taxes; and that each month there is placed in these accounts an amount that has accrued in those different items.

Your problem then involves the proper interpretation of a banking institution's financial statement as an aid in arriving at the true value of its shares. Neither will the Courts disturb an assessment fairly arrived at, nor may this department assume the role of an interpreter of financial statistics. Value of local bank stock, like value of real estate, is arrived at by consideration of facts more susceptible of determination by local experts, those familiar with the local picture and capable of giving proper weight to all available evidence. The Legislature has thus vested sole discretion in valuation and equalization of values of property subject to taxation in the local assessor and board of equalization. This department is justified in offering advice, however, where the failure to consider a given fact or the improper consideration given a fact may amount to arbitrary action or the abuse of discretion.

We therefore advise you that recognized accounting practice distinguishes surplus reserves such as for additions, anticipated losses, bond sinking funds, and the like from so-called "reserves" set up for contra asset accounts, such as accrued liabilities. While accrued liability "reserves" represent funds held by the bank not immediately payable, by their very nature as accrued

liabilities or debts, little, if any, consideration could be accorded such funds as elements tending to compose or augment the value of the stock in the hands of the stockholder. Therefore, if the facts are found to be as stated by the bank, the assessor and county commissioners' courts should give appropriate consideration to the fact that the $265,376.23 portion of the so-called "reserve" fund represents definite accrued liabilities rather than capital funds, surplus or undivided profits. The assessor or the board of equalization may, of course, in exercising their expert administrative judgment, conclude that an amount in excess of that necessary to meet these liabilities has been set aside. Any such excess should, of course, be treated as surplus or undivided profits.

It is believed that the rationalization suggested in this opinion will serve to distinguish it from Opinion No. 0-4675 to which you invited the attention of this department. That opinion involved a fund set up for contingencies rather than accrued liabilities and the holding was that such fund was "one of the factors to be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes."

The principles set forth in this opinion should answer the supplemental question presented in the fifth paragraph of your letter of September 28th. In the event they do not, however, kindly set forth the facts upon which such question is based, as you have done the main question presented, and this opinion will be supplemented accordingly.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jas. D. Smullen
Assistant

APPROVED OCT 15, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN